## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Jodi Perry | * | |
| 298 W. Hillsdale Ln. | | Case No. 3:17-cv-1584 |
| Holland, Ohio 43528 | * | |
| | | JUDGE |
| Plaintiff, | * | |
| | | MAGISTRATE JUDGE |
| v. | * | |
| | | |
| Hatfield Lawn & Landscape, LLC | * | **JURY DEMAND ENDORSED HEREON** |
| 8354 W. Central Avenue | | |
| Sylvania, Ohio 43560 | * | |
| | | |
| & | * | |
| | | |
| Victoria Hatfield | * | |
| 2715 Spring Water Drive | | |
| Toledo, Ohio 43617 | * | |
| | | |
| Defendants. | * | |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Jodi Perry ("Plaintiff", "Named Plaintiff" or "Perry"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Collective Action Complaint against Defendant Hatfield Lawn & Landscape, LLC ("Defendant Hatfield" or "Hatfield") and Victoria Hatfield ("Defendant Victoria"), for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. §

216(b); and the claims pursuant to O.R.C. 4111.03, 4111.08, and the OPPA are asserted individually by the Named Plaintiff and all Ohio Opt-ins who join this case. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby state as follows:

## I.    JURISDICTION AND VENUE

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Named Plaintiff and others similarly situated entered into an employment relationship with Defendant in the Northern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, and Defendant has done substantial business in this judicial district.

## II.    THE PARTIES

4.     Named Plaintiff Jodi Perry is an individual, United States citizen, and a resident of Lucas County, Ohio, which is in the Northern District of Ohio.

5.     At all times relevant, Named Plaintiff was and still is jointly employed by Defendants from approximately 2012 until the present. She is an hourly, non-exempt employee

even though she is presently employed in the position of garden center manager because she is compensated on an hourly basis and primarily performed non-exempt job duties.

6.      Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated, and she has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiff*, attached hereto as **Exhibit A**)

7.      Defendant Hatfield is an Ohio limited liability company with its principal place of business in the Northern District of Ohio. Hatfield's principal business address is 8354 W. Central Avenue, Sylvania, Ohio 43560.

8.      Defendant Hatfield is a lawn and landscape company with several departments, including but not limited to landscape, irrigation, lawn maintenance, and retail sales.

9.      Upon information and belief, Defendant Victoria is the primary owner of Defendant Hatfield.

10.      Defendants were and are jointly actively doing business in this judicial district. At all times relevant, Defendants have each jointly been an "employer" as that term is defined by the FLSA, the Ohio Wage Act, and the OPPA.

11.      During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

12.      During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiff and those similarly situated.

13.     During relevant times, Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

14.     During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

15.     During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiff and those similarly situated.

16.     During relevant times, Defendants have been jointly involved in the operational decisions of each other.

17.     During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiff and all other similarly situated employees.

18.     Upon information and belief, Defendants jointly operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

19.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

III.    **FACTUAL ALLEGATIONS**

20.     Plaintiff realleges the preceding paragraphs as if fully rewritten herein.

21.     In or around May, 2012, Plaintiff began working for Defendants. She is presently still employed by Defendants and labeled as a garden center "manager." Although her current title is "manager," Plaintiff has at all times been an hourly, non-exempt employee.

22.     At all times relevant, Plaintiff's primary job duties consisted of serving customers, answering phone calls, watering plants, loading mulch, performing general labor at job sites, and other miscellaneous tasks as needed.

23.     At all times, Plaintiff's job duties have not consisted of the exercise of discretion and independent judgment with respect to matters of importance.

24.     Additionally, Plaintiff did not supervise two or more employees during the three years preceding the date of this Complaint.

25.     At all times relevant, Plaintiff was and still is compensated on an hourly basis.

26.     Plaintiff's weekly wages were and are reduced depending on the number of hours worked in a workweek, including when she worked below forty (40) hours per week as described herein.

27.     Thus, at all times relevant, Plaintiff was an hourly, non-exempt employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

28.     At all times relevant herein, the Named Plaintiff was an employee of Defendants as defined in the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

29.     At all times relevant herein, the Named Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA, O.R.C. Chapter 4111 and Ohio Constitution Art. 2 §34a.

30.     Defendants are and have been each an "employer" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

31.     At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

32.     Upon information and belief, Defendants were jointly engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

33.     During Plaintiff's employment with Defendants, Defendants jointly suffered and permitted Named Plaintiff and other hourly, non-exempt to work in excess of forty (40) hours per workweek, while not compensating them one and one-half times ("overtime rate" or "overtime premium") their regular rate of pay for each hour worked in excess of 40 as a result of Defendants' companywide automatic meal deduction policy as well as its practice and/or policy of docking its hourly, non-exempt employees' compensable hours described herein.

   A.  **Facts Pertinent to Defendants' Companywide Automatic Meal Deduction Policy**

34.     Upon information and belief, Defendants have an automatic meal deduction policy whereby it deducts thirty (30) minutes from each hourly, non-exempt employee's compensable hours each full day worked, regardless of whether the employee receives an uninterrupted meal break of 30 minutes ("Automatic Meal Deduction Policy").

35.     During the three years preceding the date of this Complaint, Named Plaintiff regularly worked in excess of forty (40) hours per week, did not receive an uninterrupted 30-minute meal break each day during the workweek, but still received a 30-minute meal period deduction due to Defendants' Automatic Meal Deduction Policy.

36.     During all times relevant, Defendants knew or should have known that Named Plaintiff and other hourly, non-exempt employees did not receive an uninterrupted 30-minute meal break because they continued to perform substantial duties on Defendants' behalf at all times.

37.     Despite its knowledge, Defendants still deducted 30 minutes from Named Plaintiff's and other hourly, non-exempt employees' compensable hours each day regardless of their ability to take an uninterrupted meal break during the three years preceding the date of this Complaint.

38.     During the three years preceding the date of this Complaint, Named Plaintiff and other hourly, non-exempt employees regularly worked in excess of forty (40) hours per week, but was not paid overtime premium for all hours worked as a result of Defendants' Automatic Meal Deduction Policy, resulting in unpaid overtime.

## B. Facts Pertinent to Defendants' Companywide Unlawful Time Docking Policy

39.     Upon information and belief, Defendants have a companywide punctuality policy that reduces compensable hours from its employees (hereinafter the "Time Docking Policy"). The Time Docking Policy, which states in pertinent part:

> "If you clock in late 5 minutes or more twice in one workweek, **one hour of pay will be docked** for that week. If you clock in late 5 minutes or more three times in one week, **two hours of pay will be docked** for that week."

40.     At times during the three years preceding the date of this Complaint, Named Plaintiff and other hourly, non-exempt employees had their time docked in accordance with Defendants' Time Docking Policy.

41.     During the three years preceding the date of this Complaint, Named Plaintiff and other hourly, non-exempt employees worked in excess of forty (40) hours per week, but were not

paid overtime premium for such hours worked as a result of Defendants' unlawful Time Docking Policy, resulting in unpaid overtime.

42.     Defendants knew or should have been aware that Named Plaintiff and other hourly, non-exempt employees worked in excess of forty (40) hours in a workweek, but willfully elected not to compensate them for all hours worked in excess of forty (40) during the three years preceding the filing of this Complaint pursuant to the Time Docking Policy.

43.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

44.     Defendants' failure to pay Named Plaintiff and other hourly, non-exempt employees has caused damages, including unpaid overtime wages.

45.     Upon information and belief, during the relevant time period, Defendants applied the Automatic Meal Deduction Policy and the Time Docking Policy to all of their hourly, non-exempt employees, including Named Plaintiff.

46.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**IV.     COLLECTIVE ACTION ALLEGATIONS**

      **A.  216(b) Collective Actin for Unpaid Overtime and Other Wages.**

47.     The Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former, hourly, non-exempt employees of Defendant who worked over forty (40) hours in any workweek during the

previous three years immediately preceding the filing of this Complaint through the date of final disposition of this case, but were not properly compensated for all of their overtime hours worked under the FLSA because of (1) Defendants' Automatic Meal Deduction Policy; or (2) Defendants' Time Docking Policy (the "216(b) Class" or the "216(b) Class Members").

48.     Some examples of hourly, non-exempt employees that may be members of the §216(b) Class include but may not be limited to, delivery person, garden center assistant, lawn maintenance crew leader, lawn maintenance crew members, landscape crew leaders, landscape crew members, landscape installers, retail store employees, or equivalent positions of Defendants.

49.     The Named Plaintiff and putative 216(b) Class Members were subject to the same Automatic Meal Deduction Policy and Time Docking Policy.

50.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative §216(b) Class Members have been denied proper overtime wages due to Defendants' company-wide Automatic Meal Deduction Policy and/or Defendants' Time Docking Policy. Named Plaintiff is representative of those other similarly situated employees and are acting on behalf of their interests as well as her own in bringing this action.

51.     The identity of the putative §216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime wages, liquidated damages, attorneys' fees and costs under the FLSA.

52.     The net effect of Defendants' policies and practices is that Defendants willfully failed to pay overtime wages and maintain proper recordkeeping to save payroll costs. Thus,

Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and §216(b) Class Members.

## V.   ALLEGATIONS PERTAINING TO PLAINTIFF AND THOSE SIMILARLY SITUATED

53.   All of the preceding paragraphs are realleged as if fully rewritten herein.

54.   During relevant times, Plaintiff and those similarly situated worked more than forty (40) hours per workweek, but were not compensated at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of 40 because of Defendants' Automatic Meal Deduction Policy and Defendants' Time Docking Policy.

55.   During relevant times, Plaintiff and those similarly situated were not exempt from the overtime provisions of the FLSA and the Ohio Wage Act.

56.   Plaintiff and those similarly situated have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein.

## VI.   CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

57.   All of the preceding paragraphs are realleged as if fully rewritten herein.

58.   This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the §216(b) Class.

59.   The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

60.   During the three years preceding the filing of this Complaint, Defendants jointly employed the Named Plaintiff and the 216(b) Class Members.

61.     The Named Plaintiff and the 216(b) Class Members were paid on an hourly basis and are non-exempt positions.

62.     The Named Plaintiff and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks during the three years preceding this Complaint.

63.     Defendants violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for each hour worked over forty (40) hours in a workweek as a result of Defendants' Automatic Meal Deduction Policy and Time Docking Policy.

64.     The Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

65.     Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled.

66.     Defendants knowingly and willfully jointly failed to pay Named Plaintiff and the 216(b) Class Members the overtime wages they were due

67.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

68.     As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

<u>COUNT II</u>
**(UNPAID OVERTIME PURSUANT TO THE OHIO WAGE LAW)**

69.      All of the preceding paragraphs are realleged as if fully rewritten herein.

70.      This claim is brought under Ohio Law.

71.      Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

72.      The Named Plaintiffs and those similarly situated to the Named Plaintiff worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all hours worked over 40 in a workweek.

73.      Defendants' company-wide corporate Automatic Meal Deduction Policy and Time Docking Policy resulted in unpaid overtime for the Named Plaintiff and those similarly situated to Named Plaintiff.

74.      The Named Plaintiff and those similarly situated were not exempt from the wage protections of Ohio Law.

75.      Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and those similarly situated Ohioans are entitled.

76.      For Defendants' violations of R.C. §4111.03, by which the Named Plaintiffs and those similarly situated Ohioans have suffered and continue to suffer damages. The Named

Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
## (VIOLATION OF OHIO'S PROMPT PAY ACT)

77.     All of the preceding paragraphs are realleged as if fully rewritten herein.

78.     During all relevant times, Defendants were entities covered by the OPPA and the Named Plaintiffs and those similarly situated Ohioans have been jointly employed by Defendants within the meaning of the OPPA.

79.     The OPPA requires Defendants to pay Named Plaintiff and those similarly situated Ohioans all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

80.     During relevant times, Named Plaintiff and those similarly situated Ohioans were not paid all wages, including overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

81.     The Named Plaintiff's and those similarly situated Ohioans' unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

82.     In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
## (RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)

83.     All of the preceding paragraphs are realleged as if fully rewritten herein.

84.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G) & (H). *See also*, 29 C.F.R. §§ 516.2 *et seq*.

85.     During times material to this complaint, Defendants were covered employers, and jointly and severally required to comply with the Ohio Wage Act's mandates.

86.     Named Plaintiff and those similarly situated Ohioans were covered employees entitled to the protection of the Ohio Wage Act.

87.     During times material to this complaint, Defendants jointly violated the Ohio Wage Act with respect to Named Plaintiff and those similarly situated Ohioans by failing to properly maintain accurate records of all hours Named Plaintiff and those similarly situated Ohioans worked each workday and within each workweek.

88.     In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VII.    PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, the Named Plaintiff and other members of the 216(b) Class pray for an Order as follows:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et*

*seq.*, and that Plaintiff and the 216(b) Class Members are entitled to prove their hours worked with reasonable estimates;

D.      An Order permitting the Named Plaintiff and the 216(b) Class Members to prove the actual hours worked by reasonable inference;

E.      Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.      Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

G.      Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action;

H.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

J.      Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II**, **III**, and **IV**, Named Plaintiff and those similarly situated Ohioans pray for an Order as follows:

K.      Awarding to the Named Plaintiff and the Ohio members of the 216(b) Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

L.     Awarding Named Plaintiff and the Ohio members of the 216(b) Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

M.      Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the 216(b) Class during the applicable statutory period;

N.      A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein, jointly and severally, violate the Ohio Wage Laws, specifically O.R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G) & (H) and the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2 *et seq.*;

O.      Directing Defendants to pay reasonable attorney's fees and all costs and disbursements, reasonable allowance for fees of counsel and experts, and reimbursement of expenses connected with this action;

P.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts; and

Q.      Awarding Named Plaintiff, the Ohio members of the 216(b) Class such other and further relief as the Court deems just and proper.

**WHEREFORE**, as to all counts, Named Plaintiff, the 216(b) Class, and the Rule 23 Class Members pray for an Order as follows:

R.      Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

S.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

T.        Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

/s/  *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859)
**Bryant Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone:  (614) 704-0546
Facsimile:  (614) 573-9826
Email:  dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/  *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)

*Attorney for Named Plaintiff*